IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ROBBIE WADE,<br><br>　　　　　Defendant. | Case No. 3:18-CR-30063-NJR-3 |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Defendant Robbie Wade has moved for compassionate release from prison under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. (Doc. 821). Wade is serving a 128-month sentence after pleading guilty to seven counts related to possession with intent to distribute, distribution, and conspiracy to distribute methamphetamine. (Doc. 553). Wade argues that he should be released because his high blood pressure places him at significant risk for serious illness or death from COVID-19. (*Id.*). Wade also claims that his offenses "are basically as minimal and non-violent as a federal crime can be" and that he poses no threat to the community. (*Id.*).

In response, the Government notes that Wade has been fully vaccinated against COVID-19, and his hypertension appears well controlled. (Docs. 857, 857-2). Furthermore, even if Wade's health issues rose to the level required for compassionate release, the factors identified in 18 U.S.C. § 3553(a) weigh against his release. The Government points to Wade's lengthy criminal history, including abusing and stalking women, harassment, and assault, as well as his history of noncompliance with his terms

of probation. (Doc. 555). It argues that releasing Wade after he has served a little over two years of a 10-year sentence would defeat the goals of promoting respect for the law, providing just punishment for the offense, and reflecting the seriousness of the crime.

A motion for compassionate release sets forth a two-step inquiry: (1) whether the defendant presents an extraordinary and compelling reason for release, and (2) whether release is warranted under § 3553(a)." *United States v. Whited*, No. 21-1644, 2022 WL 1259028, at *2 (7th Cir. Apr. 28, 2022). The Seventh Circuit has made clear that, "for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Newton*, No. 21-2514, 2022 WL 2145230, at *1 (7th Cir. June 15, 2022) (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). There remains, however, "a safety valve for prisoners who show they are unable to receive or benefit from a vaccine, or that they remain vulnerable to severe infection, notwithstanding the vaccine." *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022). A district court must consider the movant's individualized arguments and evidence in determining whether his medical conditions constitute extraordinary and compelling reasons for compassionate release. *Id.*

The Court acknowledges Wade's hypertension, but notes that his risk of serious illness or death is greatly diminished with his receipt of the Pfizer COVID-19 vaccine. *See United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) ("[V]accines provide a much better defense against infection than any judicial order could do."). Additionally, Wade has provided no facts or argument showing that he remains vulnerable to severe infection

notwithstanding the vaccine. *See Newton*, 2022 WL 2145230, at *2. Based on the evidence presented, the Court cannot find any extraordinary and compelling reasons warranting compassionate release in this instance.

Moreover, even if such circumstances existed, the Court finds that the § 3553(a) factors weigh against his release. The undersigned sentenced Wade to a below-guidelines sentence of 128 months, and he has served only two years of that sentence. Furthermore, while Wade downplays the seriousness of his offense, he was part of a major drug trafficking organization. His relevant conduct involved possession with intent to distribute about 82 *pounds* of methamphetamine. Releasing Wade just two years into his sentence would fail to account for the seriousness of the offense, promote respect for the law, or provide just punishment for the offense. *See* 18 U.S.C. § 3553(a)(2)(A). It also would fail to afford adequate deterrence to criminal conduct or protect the public from further crimes of the defendant. § 3553(a)(2)(B), (C). And, as noted by the Government, the Bureau of Prisons has determined Wade has a medium risk for recidivism. Thus, the Court cannot ensure the safety of the community if Wade were to be released.

For these reasons, the Motion for Compassionate Release filed by Defendant Robbie Wade (Doc. 821) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   June 30, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**